In re Allen.

[Cite as In re Allen, 10 Ohio App. 2d 120.]

(No. 8616—Decided May 2, 1967.)

*Mr. C. Howard Johnson*, prosecuting attorney, *Mr. Victor E. Vaile, Jr.*, and *Mr. Donald B. Ruben*, for plaintiff-appellee, the State of Ohio.

*Mr. Bruce A. Campbell*, for defendant-appellant, Robert Dwayne Allen.

*Per Curiam.* The defendant-appellant is appealing a ruling of the Juvenile Judge that he is a delinquent minor causing his return to the Fairfield School for Boys. He assigns as error the failure of the court to grant him a separate trial and contends it was, under the circumstances of this case, violative of the constitutional requirement of equal protection of law.

Surely it is impossible to condone the incident which brought about the charges in this case. The defendant-appellant raises only the question of the "fairness" of the hearing as it applies to him. He was the only one who asked for a separate trial, and the court heard no argument as to why it should have been given. When the judge heard the motion, he immediately overruled it.

It is our opinion that the motion for a separate hearing should have been granted in this case. The authority granted the court by Section 2151.35, Revised Code, to "conduct its hearings in an informal manner" does not abrogate the principles of fundamental fairness which underlie formal procedural rules. Both civil procedure joinder rules and the criminal procedure joint charge and separate trial doctrines rest on the principle of a fair hearing. In this case there were four boys charged, and the testimony of the other three was an important part of the evidence relating to the defendant-appellant. Where the testimony of a co-defendant is going to be a material part of the state's case, and a motion for a separate hearing is made, the motion should generally be granted.

The defendant-appellant, according to the transcript, was "charged with this offense of assisting and holding this young lady, Faye Thompson, on November 1st of this year while Luke Brown allegedly had intercourse with her." This proceeding against the defendant-appellant, being in the Juvenile Court, was civil in nature and not criminal. *Cope* v. *Campbell,* 175 Ohio St. 475. The juvenile can claim only the fundamental due process right to fair treatment. *Kent* v. *United States,* 383 U. S. 541, at page 555, 16 L. Ed 2d 84, 86 S. C. 1045.

The evidence does indicate that the defendant-appellant was involved in getting the girl to the house and was in the house when the incident took place. The evidence is clear that he did not hold the girl while Luke Brown had intercourse with her. In fairness to the defendant on the specific charge, the case should be remanded to the trial judge. The evidence does not support the charge. If charged with delinquency because of his associations, it might be supported by the record, but a finding of delinquency because he held the girl is manifestly against the weight of the evidence and unfair to the defendant-appellant.

*Judgment reversed and cause remanded.*

DUFFEY, P. J., DUFFY and TROOP, JJ., concur.